UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-176-H

DALE E. ZANCHI                                                                                                    PLAINTIFF

V.

UNITED DEFENSE, L.P., LIMITED, et al.                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dale Zanchi, filed this action against both his former employer, United Defense and his union, International Association of Machinists and Aerospace Workers (the "Union"). Zanchi was laid off January 31, 2003 from his employment at United Defense as a Mechanical Inspector Grade 7 and refused re-employment later that same year as a Gun Barrel Inspector Grade 8. Zanchi alleges United Defense violated the National Labor Relations Act, (the "NLRA") by terminating his employment and failing to re-employ or promote him. Zanchi also claims the Union failed to fairly represent him in the grievance process following his termination and United Defense's failure to rehire him. Zanchi claims that both defendants violated § 503 of the Rehabilitation Act of 1973, as amended at 29 U.S.C. § 793, the Americans with Disability Act of 1990, 42 U.S.C. § 12101, *et seq.*, (the "ADA"), and the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4212.

Defendants have moved for summary judgment. In his response, Plaintiff concedes that no private right of action exists under either the Rehabilitation Act of 1973 or the Vietnam Era Veterans Readjustment Assistance Act of 1974. Therefore, only the ADA claim remains against United Defense. Two claims remain against the Union: that it breached its duty of fair

representation under Section 8(b) of the NLRA and that it acted in concert with United Defense in violating the ADA. Summary judgment is proper if the evidence submitted shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying Rule 56(c), a court views the evidence in a light most favorable to the non-movant, in this case the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court properly enters summary judgment where there is not sufficient evidence in support of the non-movant's case to find that "a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

Zanchi was a member of the Union; he alleges that the Union breached its duty of fair representation. The Union entered into a collective bargaining agreement on behalf of its members with United Defense when that company took over operations from the Naval Ordinance. Federal law requires the Union "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998); *Air Line Pilots v. O'Neill,* 499 U.S. 65, 76 (1991). The duty of fair representation is only breached if a union's conduct toward a member is "arbitrary, discriminatory, or in bad faith." *Id; see, e.g., Driver v. U.S. Postal Service, Inc.*, 328 F.3d 863, 868 (6th Cir. 2003). The Court finds no evidence that the Union's treatment of Zanchi was any of these.

Viewing the facts in a light most favorable to Zanchi, the Union pursued Zanchi's grievance and declined to take the grievance to arbitration where it was within the Union's discretion to do so. The Union's determination that the grievance lacked the merit to warrant the expense of arbitration was within its discretion to make. Finally, in response to Zanchi's claim

that the Union should have forced United Defense to re-employ Zanchi, the Union asserts that Zanchi had no call back rights for the posted Grade 8 position. Zanchi offers no evidence to rebut this assertion. By notifying Zanchi of the opening, the Union complied with its duties and acted in good faith.

In addition to his claims against the Union alone, Zanchi claims that the Union and United Defense in concert violated his rights under the ADA. The Court will not belabor Zanchi's discrimination claims beyond noting why he does not make out a *prima facie* case. To establish a *prima facie* case of discrimination under the ADA, Zanchi must prove 1) that he is disabled; 2) that he is otherwise qualified for his previous position with United Defense, with or without accommodations; 3) that he suffered an adverse employment action; 4) that United Defense knew or had reason to know of his disability; and 5) that he was replaced or that his position remained open while United Defense looked for other applicants. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 936 (6th Cir. 2000). Because Zanchi cannot prove that he is disabled, he cannot establish a *prima facie* case of disability discrimination under the ADA.

As a result of his hernias, Zanchi has a limited ability to lift and carry, but this limited ability to lift and carry does not rise to the level of a disability under the ADA. A "disability" under the ADA is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(2). It is undisputed that Zanchi has no impairment of any major life activity. He testified in his own deposition that he has not been limited in carrying on his daily activities because of his physical problem. *Zanchi Depo.*, page 17. He also testified that he was at all times fully capable of performing his job duties at United

Defense. *Id.* It is similarly undisputed that Zanchi had no record of a physical impairment at United Defense. His hernia repairs occurred while Zanchi was employed by the Naval Ordinance and the U.S. Government refused to disclose prior medical or personnel records to United Defense when it acquired the operation in 1996. *Affidavit of Sherry Dorner*, ¶¶ 2-3. In his response to Defendants motions for summary judgment, Zanchi contends that he was regarded as having a physical impairment that substantially limits one or more of the major life activities.

Viewing the facts in a light most favorable to the plaintiff, even if his employer regarded him as having the lifting restriction he did have as a result of his hernia repairs, that restriction does not amount to a physical impairment that substantially limits one or more of Zanchi's major life activities. The Supreme Court recently considered the definition of "disability" for purposes of the ADA and held "that to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002). Zanchi's only restriction is that on lifting. In his spare time, he runs marathons and has run one in each of the fifty states. By his own testimony, he has been limited in no daily activity by any physical problem since 1996. He offers no evidence that United Defense regarded him as having a greater disability than the restrictions he did in fact have. The Court concludes that Zanchi has not met the first prong of a *prima facie* case under the ADA, namely, he has not shown that he is disabled.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants motions for summary judgment are

SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:     Counsel of Record